UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES ALAN ROGERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 11-01618 (RCL) |
| ) | |
| DISTRICT OF COLUMBIA, ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION

### I. INTRODUCTION

Pending before the Court is defendant District of Columbia's Motion for Summary Judgment [11]. There are two issues requiring resolution in this matter: (1) whether the plaintiff, James Alan Rogers ("Rogers"), who was committed to the custody of the District of Columbia Jail ("D.C. Jail") on December 15, 2007, was overdetained and, if so, (2) whether Rogers' negligent training and supervision claim withstands judicial scrutiny. The Motion is now ripe for review. Upon consideration of the Motion [11], the Opposition [14], the Reply [19] thereto, the applicable law, and the entire record herein and for the reasons set forth below, the Court grants-in-part and denies-in-part the defendant's Motion for Summary Judgment.

### II. BACKGROUND AND PROCEDURAL HISTORY

Our saga begins with the tale of plaintiff's numerous arrests. Plaintiff was arrested on four different charges in 2007: two felony charges for violating the Bail Reform Act, one felony charge for Possession with Intent to Distribute a Controlled Substance and one misdemeanor charge for carrying an open can of alcohol without a permit. The District of Columbia issued a bench warrant for Rogers' arrest on December 14, 2007, when he failed to appear in Court.

Def.'s Reply [19] at ¶ 2, Feb. 14, 2012.  He was committed to the custody of the D.C. Jail on December 15, 2007 for the aforementioned charges, and was not released until August 14, 2008. Def.'s Mot. Summ. J. [11] at 33, 40–41, Dec. 12, 2011.  During plaintiff's jail stay, he was sentenced on two separate occasions for all of the remaining charges.  *Id.* at 40–41.

Rogers states that he was overdetained at the D.C. Jail for approximately two months in 2008, claiming that he should have been released in June of 2008, but that D.C. Jail officials held him until August of that year.  *Id.*  According to Rogers, his overdetention was a direct result of D.C. Jail's negligent training and supervision of its employees with regard to calculating jail credits.  In response, defendant argues that Rogers was not overdetained, and that plaintiff improperly pleaded his negligent supervision claim, thus rendering his argument moot.

On February 27, 2008, the Court sentenced plaintiff to fifteen days in the D.C. Jail for the alcohol violation (CTF 003154).  *Id.* at 33.  Because he had accrued six days of jail credit on other charges—two days of credit for time served on February 5 and 6, 2007, and four days of credit for time served between December 15 thru December 18, 2007—he served only eight days of his sentence, from February 27 thru March 6, 2008.  *Id.* at 31, 33, 36.

On April 25, 2008, the Court sentenced plaintiff on the remaining three charges.  With regard to his Possession charge, identified as CF2 003129, Rogers was sentenced to twenty-four months in jail with five years of supervised release.  *Id.* at 26, 30.  The Court, however, reduced his sentence to six months in prison, followed by one year of supervised release.  *Id.* at 30.  The sentencing notes from the Superior Court's docket sheet clearly state that "[d]efendant will receive credit for time served."  Pl.'s Opp. [14-1] 11, Jan. 17, 2012.

Plaintiff also committed two felonies when he violated the Bail Reform Act twice.  His first charge—identified as CF2 17114—occurred on July 21, 2007.  Def.'s Mot. Summ. J. [11] at

2

24. He was committed to the custody of the D.C. Jail on December 17, 2007, for this charge. On April 25, 2008, the Court sentenced plaintiff to twelve months in Jail, followed by three years of supervised release. *Id.* at 28. The Court, however, suspended the execution of his sentence, issued a release order for this charge only, and allowed plaintiff to serve one year of supervised release. *Id.* at 27, 28. His second felony violation of the Bail Reform Act—identified as CF2 028827—occurred on December 15, 2007, and he was committed to the custody of the D.C. Jail on the same day. *Id.* at 29, 32, 43. On April 25, 2008, the Court issued a release order for this charge, ordering plaintiff released without bond. *Id.*

Plaintiff filed the instant lawsuit on September 6, 2011. Plaintiff contends that he was committed to the custody of the D.C. Jail on December 14, 2007, and that he remained in custody until August 14, 2008. Pl.'s Opp. [14] at 6. Plaintiff alleges that the D.C. Jail incorrectly calculated his jail credits, only crediting him for a total of 71 days. *Id.* He contends that the number should be substantially higher. *Id.* Plaintiff also maintains that when Judge Boasberg sentenced him on the three aforementioned charges on April 25, 2008, the Judge specifically indicated that he would receive credit for time served, meaning that his release date should have been June 14, 2008. *Id.* at 7. Upon receipt of plaintiff's complaint, defendant moved for summary judgment, arguing that (1) the D.C. Jail did not overdetain Rogers, citing a declaration of a D.C. Jail official and various exhibits for support and (2) that plaintiff improperly pleaded his negligent training and supervision claim by failing to comply with the requirements as set forth in D.C. Code §12-309.

### III. LEGAL STANDARD

Summary judgment should be granted when the "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations,

. . . admissions, interrogatory answers, or other materials" show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a)–(c). This standard requires more than the mere existence of *some* factual dispute between the parties; "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) (emphasis in original). "A fact is 'material' if a dispute over it might affect the outcome of a suit under the governing law." *Holcomb v. Powell*, 433 F.3d 889, 895 (D.C. Cir. 2006). "An issue is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Doe v. IRS*, 706 F. Supp. 2d 1, 5 (D.D.C. 2009) (citing *Anderson*, 477 U.S. at 248).

In seeking summary judgment, the moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions [of the evidence in the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once this burden has been met, the non-moving party must "go beyond the pleadings and by [her] own affidavits, or by [the evidence in the record] designate specific facts showing that there is a genuine issue for trial." *Id*. at 324 (quotations omitted). In doing so, the non-moving party's opposition "must consist of more than mere unsupported allegations or denials and must be supported by affidavits, declarations or other competent evidence, setting forth specific facts showing that there is a genuine issue for trial." *Doe v. Dep't of the Treasury*, 706 F. Supp. 2d 1, 5 (D.D.C. 2009); *see also Freedman v. MCI Telecomm. Corp.*, 255 F.3d 840, 845 (D.C. Cir. 2001) (holding that plaintiff must have more than "a scintilla of evidence to support [her] claims"). In other words, the non-moving party is required to point to evidence that would permit a reasonable jury to find in his favor. *Laningham v. United States Navy*, 813 F.2d 1236, 1242 (D.C. Cir. 1987). At the

same time, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [her] favor." *Anderson*, 477 U.S. at 255.

### IV. ANALYSIS

The question in this case is whether there is a real dispute as to whether Rogers was overdetained. In deciding a motion for summary judgment, the Court construes all inferences in favor of the non-moving party, which in this case is the plaintiff. *Anderson*, 477 U.S. at 255. The non-moving party bears the burden of proving that a genuine issue of material fact exists, which he does by providing the Court with "competent" evidence. *See Doe*, 706 F. Supp. 2d at 5. Contrary to the defendant's notion that docket sheets qualify as inadmissible hearsay evidence, Def.'s Reply [19] at 9, this Court may take judicial notice of public records, for evidentiary purposes, and a D.C. Superior Court docket sheet certainly satisfies that standard. *See Thompson v. Linda & A., Inc.*, 779 F. Supp. 2d 139, 144 (D.D.C. 2011); *see also Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2000) (clarifying that docket sheets are public records of which the Court can take judicial notice). The fact that the docket sheet in Rogers' case clearly states, not once, but twice, that defendant was to receive credit for time served when he was sentenced on April 25, 2008, creates an issue of material fact as to when plaintiff should have been released. Pl.'s Opp. [14-1] at 11. Both parties agree that plaintiff was incarcerated at the D.C. Jail from December 15, 2007, until August 15, 2008. However, plaintiff claims, and has presented evidence to support that he should have been released in June, 2008. *Id.* However, the District avers that he was properly incarcerated until August of that year. Def.'s Mot. Summ. J. [11]. at 22.

Summary judgment is only appropriate when the movant is entitled to judgment as a matter of law; here, the annotations on the Court's docket sheet contradicts the evidence the D.C.

Jail has offered in support of its Motion. *Id.* Defendants' proffered evidence does not rebut or explain in any way why the Court's docket sheets clearly state that Rogers was to receive credit for time served. Thus, this Court cannot grant summary judgment on behalf of the defendant when there is a genuine issue of material fact concerning whether Rogers was, in fact, overdetained from June 14, 2008 to August 14, 2008. Therefore, the Court denies the defendant's Motion for Summary Judgment with regard to plaintiff's overdetention claim.

The D.C. Jail has a long history of overdetaining inmates, and there is an ongoing class-action lawsuit against the District for such overdetentions. *See Barnes v. District of Columbia*, 793 F. Supp. 2d 260 (D.D.C. 2011). This Court has defined the *Barnes* "overdetention class" as a person who:

> (a) . . . has been, is, or in the future will be incarcerated in any District of Columbia Department of Corrections facility from September 1, 2005 forward; and (b) who was not released, or, in the future, will not be released by midnight on the date on which the person is entitled to be released by court order or the date on which the basis for his or her detention has otherwise expired.

*Barnes v. District of Columbia*, 06-CV-315, Order [33] at 1–2, Mar. 26, 2007. Rogers' overdetention at the D.C. Jail satisfies the "overdetention class" requirements, and plaintiff now becomes a member of the *Barnes* "overdetention class." *See id.* Rogers was incarcerated at the D.C. Jail beginning in December of 2007, well after the *Barnes* "overdetention class" clock began running in September of 2005. Additionally, Rogers' release date remains an issue of material fact because the D.C. Jail released him in August of 2008, notwithstanding the fact that he was due to be released in June of 2008. Since the *Barnes* class action is ongoing and its outcome could potentially affect the award of damages in the current action, Rogers' claim is stayed, pending adjudication of the *Barnes* class claim.

The Court next turns its attention to Rogers' negligent training and supervision argument, which is a D.C. tort claim. D.C. Code § 12-309 states that:

> [a]n action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, within six months after the injury or damage was sustained, the claimant, his agent, or attorney has given notice in writing to the Mayor of the District of Columbia of the approximate time, place, cause and circumstances of the injury or damage.

Section 12-309 does not function as a statute of limitations; rather it "imposes a notice requirement on everyone with a tort claim against the District of Columbia, and compliance with its terms is 'mandatory as a prerequisite to filing suit against the District.'" *District of Columbia v. Dunmore*, 662 A.2d 1356, 1359 (D.C. 1995). For purpose of calculating the timeliness of a D.C. Code § 12-309 letter of notice, "the six month clock begins to run from the moment the plaintiff sustains the injury." *Id.*

Here, Rogers avers that he sent a letter of notice to Judge Boasberg on June 14, 2008, in which he notified the Judge that he did not receive credit for time served, and thus was overdetained at the D.C. Jail. Pl.'s Opp. [14-1] ¶ 11. Plaintiff's letter, however, does not comply with the pleading requirements set forth in D.C. Code § 12-309. To comply with the requirements of D.C. Code § 12-309, notice must be given to the Mayor. Even assuming that Rogers properly mailed his letter to Judge Boasberg within the time allotted by D.C. Code § 12-309, plaintiff's letter to Judge Boasberg does not constitute notice to the Mayor of the District of Columbia. Thus, as a matter of law, Rogers' negligent supervision and training claim fails. This Court will grant defendant's motion for summary judgment with regard to Rogers' negligent training and supervision claim.

## V.     CONCLUSION

For the aforementioned reasons, this Court grants-in-part and denies-in-part defendant's Motion for Summary Judgment [11].  Accordingly, it is hereby

**ORDERED** that defendant's Motion For Summary Judgment [11] is **GRANTED** with regard to plaintiff's negligent supervision and training claim;

It is **FURTHER ORDERED** that defendant's Motion for Summary Judgment [11] is **DENIED** with regard to plaintiff's constitutional overdetention claim.  However, plaintiff's claim is stayed pending resolution of the *Barnes v. District of Columbia*, 2006-cv-315, class action litigation.

**SO ORDERED.**

Signed by Royce C. Lamberth, Chief Judge, on August 1, 2012.